# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO LEON, et al., | Case No. ED CV 20-2291-SP |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| BEDABOX, LLC, et al., | |
| Defendants. | |

## I.
## INTRODUCTION

On December 11, 2020, plaintiffs Emilio Leon, Veronica Garza, and Hugo Garcia filed a motion to remand this case to state court for lack of subject matter jurisdiction. Defendants Bedabox, LLC and Jan Bednar filed an opposition on January 5, 2021, and plaintiffs filed a reply on January 12, 2021.

The parties came before the court for a hearing on the motion on January 26, 2021. Based on the papers filed and the parties' arguments at the hearing, the court denies plaintiffs' motion for the reasons that follow.

## II.
## BACKGROUND

On August 14, 2020, plaintiffs filed a complaint in the Superior Court of

California for the County of San Bernardino against Bedabox, Bednar, and several does. Defendants removed the case to this court on October 30, 2020. On November 17, 2020, plaintiffs filed their First Amended Complaint ("FAC") adding Ignacio Robles as a defendant. Defendants Bedabox and Bednar filed their joint answer to the FAC on December 4, 2020. As of the date of this order, it is unclear whether plaintiffs have served Robles, and he did not join defendants' opposition.

In their FAC, plaintiffs allege violations of various provisions of the California Labor Code, Industrial Welfare Commission ("IWC") Order number 5, and Business and Professions Code § 17200 *et seq.* In addition, Garza claims that Bedabox wrongfully terminated her in violation of public policy. Plaintiffs seek declaratory relief, unpaid back wages, interest, punitive damages, costs, and statutory penalties.

Plaintiffs' claims stem from their employment at defendants' shipping business in San Bernardino County. Plaintiffs allege that defendants misclassified them as salaried employees and thereby violated various California labor and other laws. For instance, defendants allegedly relied on the improper classifications to deny plaintiffs uninterrupted breaks and require them to work overtime without additional compensation.

After careful review and consideration of the parties' papers and arguments at the hearing, and for the reasons outlined below, the court finds plaintiffs' joinder of Robles was improper, and thus remand is unwarranted.

## III.

## DISCUSSION

Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law actions in which the amount in controversy exceeds $75,000 and there is complete diversity between the parties. The presence of a single plaintiff from the same state as a single defendant destroys diversity jurisdiction. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Plaintiffs, who are California citizens, argue the court lacks subject matter

jurisdiction over this action because both Bedabox and Robles are California citizens. Defendants deny that Bedabox is a citizen of California, and argue that plaintiffs joined Robles solely to destroy diversity jurisdiction. The court considers both arguments in turn.

## A. Citizenship of Defendant Bedabox

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs argue that defendant Bedabox is not a diverse party because one of its members, Robles, is a citizen of California. In support of their argument, they claim that Bedabox listed Robles as a "manager/member" in a filing with the California Secretary of State from 2019. Defendants counter that Bedabox's sole member is ShipMonk, Inc., a company formed under Delaware law with a principal place of business in Florida.

Plaintiffs' argument is misleading given that the form they refer to actually asks the filer to list "manager(s) *or* member(s)."[1] Defendant Bednar, the CEO and founder of Bedabox, submits a declaration under penalty of perjury stating that while Robles was a manager, he was never a member of Bedabox. *See* Decl. of Jan Bednar ¶¶ 2-3. Although plaintiffs dismiss Bednar's testimony as conclusory, it is plaintiffs who fail to support their argument that Robles's citizenship should be attributed to Bedabox. Accordingly, the court finds Bedabox is a diverse party in light of the evidence presented at this time.

## B. Joinder of Defendant Robles

The parties disagree about what standard the court should apply in analyzing

---

[1] On its own motion, the court takes judicial notice of Bedabox's Statement of Information filed with the California Secretary of State on August 15, 2019, which can be found on the Secretary of State's website. *See Eden Env't Citizen's Grp. LLC v. Laptalo Enters., Inc.*, 2019 WL 2423417, at *1 n.3 (N.D. Cal. June 10, 2019) (taking judicial notice of several public records, including statements of information filed with the Secretary of State).

whether plaintiffs' joinder of Robles destroys diversity jurisdiction. Plaintiffs insist that amendment is favored under Federal Rule of Civil Procedure 15(a), and that defendants bear a high burden to prove their joinder was fraudulent. Defendants argue that 28 U.S.C. § 1447(e) applies because plaintiffs joined Robles, a diversity-destroying defendant, after removal. The court agrees with defendants.

Under Rule 15(a)(1), a plaintiff may amend its complaint once a matter of right no later than 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). But Rule 15 does not control when a plaintiff joins a diversity-destroying defendant after removal.[2] *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (courts must scrutinize amendment more closely when it would defeat diversity jurisdiction); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087-88 (C.D. Cal. 1999) (applying § 1447(e) rather than Rule 15(a) when joinder occurs after removal prevents forum-shopping); *see Sanvelian v. Ryder Truck Rental, Inc.*, 2020 WL 4060176, at *4 (C.D. Cal. July 20, 2020) (citing cases). Instead, a majority of courts evaluate such amendments under 28 U.S.C. § 1447(e), which vests courts with substantial discretion to determine if joinder is appropriate. *IBC*, 125 F. Supp. 2d at 1011 (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)); *Khan v. Allstate Northbrook Indem. Co.*, 2020 WL 5494408, at *1 n.1 (C.D. Cal. Aug. 6, 2020) (applying § 1447(e) instead of Rule 15(a) is the majority view).

In evaluating a diversity-destroying amendment under § 1447(e), courts weigh six factors:

(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the

---

[2] None of the cases cited by plaintiffs involve the joinder of a defendant after removal. *See, e.g.*, *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001); *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999).

4

statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC*, 125 F. Supp. 2d at 1011 (citing cases).  Accordingly, the court will review plaintiffs' joinder of Robles using these factors.

### 1. Rule 19(a) Joinder

Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Boon v. Allstate Ins.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002) (internal quotation marks omitted).  "Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC*, 125 F. Supp. 2d at 1011-12 (citation omitted).  Nonetheless, parties may not join non-diverse defendants who "are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012 (citation omitted).

Although Robles was not involved in the initial decision to classify plaintiffs as exempt workers, plaintiffs allege he was a primary decision maker who participated in the violations of Garza's rights leading to her constructive termination.  Specifically, plaintiffs claim that as general manager, Robles supervised Garza and exercised control over hiring, firing, compensation, schedules, breaks, compliance with employment laws, and job duties.  Based on these allegations, it appears Robles was more than simply tangentially related to plaintiffs' legal claims.  But although Robles was more than tangentially related, that does not mean plaintiffs need to name him as a defendant. Instead, plaintiffs' arguments show Robles is a necessary witness.  He may be subpoenaed as a witness even if he is not a named defendant.

Plaintiffs do not dispute defendants' argument that complete relief would be obtainable without Robles. Indeed, plaintiffs do not allege additional bases for recovery that are separate from the relief sought against Bedabox and Bednar, and in fact maintain they do not seek to hold Robles personally liable. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (denying remand where new defendants were unnecessary to make complete relief possible); *Khan*, 2020 WL 5494408, at *2 (same). Therefore, the first factor weighs against joinder and remand.

### 2. **Statute of Limitations**

"[A] finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Murphy v. Am. Gen. Life Ins.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015) (citation omitted). Plaintiffs add Robles only to their first seven causes of action concerning minimum wage, overtime, accurate wage statements, meal and rest periods, timely payment of wages, waiting time penalties, and unfair competition.

A three-year statute of limitations applies to the minimum wage, overtime, meal and rest breaks, and waiting time claims. *See* Cal. Civ. Proc. § 338; *Santos v. TWC Admin. LLC*, 2014 WL 12558009, at *11 n.73 (C.D. Cal. Aug. 4, 2014); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099, 56 Cal. Rptr. 3d 880, 155 P.3d 284 (2007). The limitations period to seek penalties for improper wage statements and failure to timely pay wages is one year. *See Santos*, 2014 WL 12558009, at *11 n.73. The unfair competition claim is governed by a four-year limitations period. *See id.* In the employment law context, a separate and distinct cause of action generally accrues on each payday. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017) (citations omitted).

Based on these limitations periods, Garza could bring a separate state action against Robles for most of her causes of action. The earliest cause of action available to Garza against Robles appears to have accrued in February or March 2019 when

Robles began supervising her. Thus, the three-year statute of limitations on all of her minimum wage, overtime, meal and rest breaks, and waiting time claims against him will not expire until February or March 2022. The limitations period on her unfair competition claims will not expire until February or March 2023. On the other hand, she would not be able to re-file her wage statements and timely payment claims in state court because they expired on July 19, 2020, one year after Garza stopped working for defendants. For that same reason, however, it appears those claims are also barred in this action because it was filed almost one month past the expiration of the statute of limitations. Accordingly, this factor weighs against joinder and remand.

### 3. **Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083 (citation omitted). Even if the amendment is timely, however, courts have discretion under § 1447(e) to deny joinder of a party "whose identity was ascertainable and thus could have been named in the first complaint." *Murphy*, 74 F. Supp. 3d at 1282 (internal quotation marks omitted).

To begin, plaintiffs' amendment is timely under Rule 15(a) because it was filed before defendants' responsive pleading. Nevertheless, the court may deny joinder if Robles could have been named in the original complaint. According to plaintiffs, Robles got involved in violating Garza's rights as soon as he began supervising her in February 2019. That same year, on August 15, Robles appeared on Bedabox's Statement of Information as a manager. All of this was clear to plaintiffs when they filed their complaint in state court on August 14, 2020. *See Summit on Sixth Homeowners Ass'n v. Big Rock Partners, LLC*, 2014 WL 12693071, at *3 (C.D. Cal. Nov. 4, 2014) (four-month delay weighed against joinder).

At the hearing, plaintiffs sought to explain their three-month delay in naming Robles as a defendant by contending that they only learned of the need to name Robles after the case was removed to this court. In particular, they contend it was only then

7

that they learned Bednar had moved to Florida, and because Bednar was not in California, they determined the need to name Robles as the responsible person in California. This makes little sense. Bednar's Florida residency does not mean he cannot be responsible for California operations, and indeed his declaration states the Bedabox policies in question were developed and established at Bedabox's Florida headquarters, and not by Robles. *See* Bednar Decl. ¶ 2. As such, that plaintiffs only learned upon removal that Bednar resides in Florida does not justify their late amendment. Because the amendment was timely but could have been made earlier, the court finds this factor to be neutral.

### 4. Purpose of Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). But courts should not "impute an improper motive to [a] [p]laintiff simply because [p]laintiff seeks to add a non-diverse defendant post-removal." *IBC*, 125 F. Supp. 2d at 1012.

As previously noted, while plaintiffs' delay in joining Robles did not violate Rule 15(a), it raises serious questions about whether they joined Robles solely to strip the court of diversity jurisdiction. Plaintiffs' unconvincing explanation of the reason for the delayed joinder, and their failure to explain how Robles would enhance the available relief, is suggestive of an improper purpose. *See Khan*, 2020 WL 5494408, at *3 (finding improper motive where plaintiff "knew about his new theories and the Proposed Defendants long ago, Plaintiff can obtain full relief from Allstate alone, and Plaintiff does not have a valid explanation for his delay"). For these reasons, this factor weighs against joinder and remand.

### 5. Validity of New Claims

As part of the § 1447(e) analysis, courts consider whether the new claims "seem meritorious" and at least "potentially valid." *Jackson v. Dollar Tree Distrib., Inc.*,

8

2018 WL 2355983, at *5-6 (C.D. Cal. May 23, 2018) (internal quotation marks omitted). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Rico v. Jones Lang LaSalle Ams., Inc.*, 2014 WL 1512190, at *2 (C.D. Cal. Apr. 16, 2014) (internal quotation marks omitted).

As previously discussed, plaintiffs allege that Robles was a primary decisionmaker who authored corporate policies and exercised control over hiring, firing, compensation, schedules, breaks, compliance with employment laws, and job duties. Defendants counter that Robles cannot be held liable under the Labor Code because he does not meet the definition of a "managing agent." Namely, Bednar declares that Robles never had the authority to set formal corporate policies. *See* Bednar Decl. ¶ 2. In addition, defendants point out that Robles is not liable because plaintiffs' alleged misclassifications occurred before he was even employed by Bedabox.

In California, there are three alternative definitions of the term "employ," including: "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Martinez v. Combs*, 49 Cal. 4th 35, 59-60, 64, 109 Cal. Rptr. 3d 514, 231 P.3d 259 (2010). In addition, Labor Code § 558.1 extends liability to owners, directors, officers, and managing agents of an employer. "Managing agents" are those "corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67, 88 Cal. Rptr. 2d 19, 981 P.2d 944 (1999) (mere ability to hire and fire employees and limited decisionmaking authority not enough to satisfy standard).

Here, Bednar's declaration undermines plaintiffs' argument that Robles is liable as a managing agent. And at the hearing plaintiffs stated they are not arguing Robles was an employer. Accordingly, this factor weighs against joinder and remand, or is at

9

best neutral.

### 6. Prejudice

Prejudice is shown where denying joinder would force the plaintiff to choose between: "(1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party." *Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039, at *9 (C.D. Cal. Jan. 25, 2012) (internal quotation marks omitted).

Plaintiffs here are potentially prejudiced by denial of joinder, although their assertion that they are not seeking to hold Robles personally liable lessens that possibility. The extent of any possible prejudice is further lessened by the fact that they can obtain complete relief in this action without Robles, obviating the need to file a redundant action in state court. Thus, the court finds this factor is neutral.

### 7. Balancing of Factors

For the reasons discussed, the *IBC* factors are either neutral or weigh against joinder and remand. Most importantly, Robles is not a necessary party, and plaintiffs' inadequately explained delay in joining him suggests that they only did so to destroy the court's subject matter jurisdiction. Thus, the court exercises its discretion under § 1447(e) to strike the claims against Robles in the FAC and dismiss him from this action. *See San Jose Neurospine v. Cigna Health & Life Ins.*, 2016 WL 7242139, at *13 (N.D. Cal. Dec. 15, 2016) (relying on section 1447(e) to strike claims against new defendant and dismiss it from the action).

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (docket no. 13) is denied, and defendant Robles is dismissed without prejudice.

DATED: February 2, 2021

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE